Jason D. Boren (#7816)
Angela W. Adams (#9081)
Matthew R. Romney (#12220)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone:  (801) 531-3000
Facsimile:  (801) 531-3001

Attorneys for Defendant CitiMortgage, Inc.

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CHRIS HOVERMAN, an individual,**<br><br>       **Plaintiff,**<br><br>**vs.**<br><br>**CITIMORTGAGE, INC., a New York corporation, and DOES 1-10,**<br><br>       **Defendants.** | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>**Case No.:  2:11-cv-00118-DAK**<br><br>**Honorable Dale A. Kimball** |

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

BACKGROUND FACTS .................................................................................................. 1

I.      STANDARD OF REVIEW ON MOTION TO DISMISS .................................. 6

II.     PLAINTIFF FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT ............. 6

III.    PLAINTIFF FAILED TO STATE A CLAIM FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING ........................ 11

IV.    PLAINTIFF FAILED TO STATE A CLAIM FOR INTENTIONAL OR NEGLIGENT MISREPRESENTATION ........................ 13

V.     PLAINTIFF FAILED TO STATE A CLAIM UNDER THE UTAH CONSUMER PROTECTION STATUTES ........................ 17

VI.    PLAINTIFF FAILED TO STATE CLAIMS TO QUIET TITLE, FOR DECLARATORY JUDGMENT OR FOR INJUNCTIVE RELIEF ........................ 18

      A.    Plaintiff Failed to Show that He is Entitled to the Property Free and Clear of His Obligations Under the Note and the Trust Deed ........................ 19

      B.    An Accurate Description of the Securitization Process Demonstrates that Citi Retains the Authority to Conduct the Foreclosure Process ........................ 20

      C.    Trust Deed Trustees are not Required to Demonstrate their Authority to Foreclose Under the Utah Trust Deed Statute, Utah Code Ann. § 57-1-19 *et seq.* ........................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Alicea v. GE Money Bank,
  2009 U.S. Dist. LEXIS 60813 (N.D. Cal. July 15, 2009)......................................................20

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)........................................................6

Benham v. Aurora Loan Servs.,
  2009 U.S. Dist. LEXIS 91287 (N.D. Cal. Sept. 1, 2009) ......................................................20

Brown v. Zavaras,
  63 F.3d 967 (10th Cir.1995) ...................................................................................................6

Cook v. Zions First Nat'l Bank,
  645 F.Supp. 423 (D.Utah 1986).............................................................................................16

DB Private Wealth Mortgage Ltd. v. Marty,
  2010 U.S. Dist. LEXIS 7074 (January 28, 2010) .............................................................9, 21

GFF Corp. v. Assoc. Wholesale Grocers, Inc.,
  130 F.3d 1381 (10th Cir. 1997) ..............................................................................................2

Hafiz v. Greenpoint Mortgage Funding, Inc.,
  652 F.Supp.2d 1039 (N.D. Cal. 2009) ..................................................................................20

Lane v. Vitek Real Estate Indus. Group,
  713 F. Supp. 2d 1092 (E.D. Cal. 2010)..................................................................................20

Larota-Florez v. Goldman Sachs Mortgage Co.,
  719 F. Supp. 2d 636 (E.D. Va. 2010) ....................................................................................19

Margae, Inc. v. Clear Link Tech.,
  620 F.Supp.2d 1284 (D. Utah 2009).............................................................................6, 9, 11

Marty v. Mortgage Electronic Registration Systems, et. al.,
  2010 U.S. Dist. LEXIS 111209 (D. Utah October 19, 2010) .....................................20, 21, 22

Mitchell v. King,
537 F.2d 385 (10th Cir.1976) .................................................................................6

Nordeen v. America's Wholesale Lender,
No. CV-10-0568, 2010 WL 3168638 (D. Ariz. 2010)..........................................21

Pagtalunan v. Reunion Mortg., Inc.,
2009 U.S. Dist. LEXIS 34811 (N.D. Cal. April 8, 2009) ......................................20

Roque v. Suntrust Mortgage, Inc.,
No. C-09-00040, 2010 WL 546896 (N.D. Cal. Feb. 10, 2010) .............................21

Tal v. Hogan,
453 F.3d 1244 (10th Cir. 2006), cert. denied, 549 U.S. 1209, 127 S.Ct. 1334, 167
L.Ed.2d 81 (2007) ...................................................................................................6

Waqavesi v. Indymac Fed. Bank,
2009 U.S. Dist. LEXIS 105555 (E.D. Cal. Nov. 11, 2009) ...................................20

Zambrano v. HSBC Bank USA, Inc.,
No. 01-09-2010, 2010 WL 2105164 (E.D. Va. May 25, 2010)..............................22

STATE CASES

Armed Forces Ins. Exchange v. Harrison,
2003 UT 14, 70 P.3d 35 ....................................................................................13, 14

Atkinson v. IHC Hosps Inc.,
798 P.2d 733 (Utah 1990) ......................................................................................14

Bair v. Axiom Design, LLC,
2001 UT 20, 20 P. 3d 388 ........................................................................................7

Carlie v. Morgan,
922 P.2d 1 (Utah, 1996) .........................................................................................17

Coroles v. Sabey,
2003 UT App 339, 79 P.3d 985 .......................................................................14, 16

DeBry v. Noble,
889 P.2d 428 (Utah 1995) ......................................................................................14

Eggert v. Wasatch Energy Corp.,
    2004 UT 28, 94 P. 3d 193 .................................................................................11, 12

Gillmor v. Blue Ledge Corp.,
    2009 UT App 230, 217 P. 3d 723 ...................................................................18, 19

Oakwood Village LLC v. Albertsons, Inc.,
    2004 UT 101, 104 P.3d 1226 ...........................................................................12, 13

Price-Orem Inv. v. Rollins, Brown & Gunnell,
    713 P. 2d 55 (Utah 1986) ......................................................................................14

Smith v. Frandsen,
    2004 UT 55, 94 P.3d 919 .......................................................................14, 15, 16

Sugarhouse Fin. Co. v. Anderson,
    610 P.2d 1369 (Utah 1980) ..................................................................................16

**FEDERAL STATUTES**

15 U.S.C.A. § 1601 *et seq*..............................................................................................18

**STATE STATUTES**

Utah Code Ann. § 13-11-22(a) ......................................................................................17

Utah Code Ann. § 57-1-19.......................................................................................17, 21

Utah Code Ann. § 61-23-101 ........................................................................................17

Utah Code Ann. § 70D-2-101 .......................................................................................17

**RULES**

Fed. R. Civ. P. 8.............................................................................................................9

Fed. R. Civ. P. 9(b) ............................................................................................13, 14, 16

**OTHER AUTHORITIES**

11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (3d ed. 2008)....................................2

Defendant CitiMortgage, Inc. ("Citi"), by and through its counsel, Ballard Spahr LLP, hereby submits this memorandum in support of its motion to dismiss Plaintiff's Complaint.

## INTRODUCTION

On or about March 20, 2007, Plaintiff Chris Hoverman borrowed $1,950,000.00 from Citi pursuant to a promissory note in favor of Citi, to purchase a vacation home located in Heber, Utah.  Plaintiff now claims that Citi has breached its contract with Plaintiff, breached its implied covenant of good faith and fair dealing and/or committed intentional or negligent misrepresentation.  Plaintiff asks this Court, among other things, to repeal the rights of his creditors and give him title to the property free and clear of his loan obligation and its attendant security interest.  Plaintiff further asks the Court to prohibit Citi from conducting any foreclosure on the property.  To justify this request, Plaintiff relies on two basic accusations against Citi.  First, Plaintiff alleges, on information and belief, that the promissory note has been transferred one or more times and eventually included in a securitization pool, to be sold as mortgage backed securities to investors.  Second, Plaintiff alleges that Citi has not responded to his demands that Citi identify the investor in the promissory note.  These allegations, even if true, do not state a claim upon which relief can be granted.  As a result, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND FACTS

Pursuant to Rules 12(b) and 10(c) of the Federal Rules of Civil Procedure, the following statement of facts is derived from the Complaint in this matter, documents referenced in the

Complaint,[1] and matters subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence,[2] and are set forth for the purposes of this motion only.

1.      On March 20, 2007, Plaintiff Chris Hoverman ("Plaintiff") executed a promissory note (the "Note") in favor of Citi in the principal amount of $1,950,000.00.  (A true and correct copy of the Note is attached hereto as Exhibit 1.)  (Complaint ¶ 6; Note § 1.)

2.      The Note clearly identifies Citi as the "Lender."  (Note §1.)

3.      Plaintiff does not deny that he received the proceeds of the Note from Citi.  (See Complaint.)

4.      Plaintiff used the proceeds of the Note to purchase the property commonly known as 2896 East Snowberry Way, Heber, Utah 84032 (the "Property").  (Complaint ¶ 5.)

5.      The Note is secured by a Deed of Trust (the "Trust Deed") against the Property signed by Plaintiff and recorded with the Wasatch County Recorder.  (A true and correct copy of the Trust Deed is attached hereto as Exhibit 2.)  (Complaint ¶ 9; Trust Deed.)

6.      The Trust Deed clearly identifies Citi as the "Lender."  (Trust Deed at p. 1.)

---

[1]  "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss" without thereby converting the motion to one for summary judgment.  GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citations omitted).  "A document that is referred to in the complaint . . . is not considered to be a matter outside the pleadings" for purposes of a motion under Rule 12(b)(6).  11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, 56.30[4] (3d ed. 2008).

[2]  A court may take judicial notice of documents recorded in the office of a county recorder on a motion to dismiss.  Burnett v. Mortgage Electronic Registration Systems, Inc, No. 1:09CV00069DAK, 2009 WL 3582294, at *6 (D. Utah October 27, 2009).

7.     Plaintiff alleges that he has been informed by Citi that it has since transferred the Note, and that he has been informed that Citi remains the servicer of the Note.  (Complaint ¶ 15.)

8.     Plaintiff alleges, upon undisclosed information and belief, that the Note was transferred to a securitization pool.[3]  (Complaint ¶¶ 17-20.)

9.     Plaintiff alleges that the securitization of his indebtedness was a breach of contract.  (Complaint ¶ 25.)

10.     Plaintiff alleges that he never consented explicitly or implicitly to securitization of his loan (Complaint ¶ 21), however he does not allege that he ever objected to the securitization of the Note either.  (See Complaint.)

11.     Neither the Note nor the Trust Deed prohibit the securitization of the Note in any way.  (Note; Trust Deed.)

12.     In fact, on page 1 of the Note in Section 1, it states that "I understand that Lender may transfer this Note."  (Note § 1.)

13.     Similarly, Section 20 of the Trust Deed provides that:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments

---

[3]     Although Citi recognizes that the well-pleaded facts of the Complaint must be taken as true for purposes of a motion to dismiss, Citi reserves the right to deny any of the allegations contained in the Complaint.  For example, Plaintiff alleges securitization on "information and belief."  In fact, Plaintiff is relying solely on his assumptions and the fact that many mortgage loans are securitized.  Plaintiff does not, however, have any facts specific to this case to support his allegations of securitization and Citi denies that Plaintiff's Note is currently part of a securitization pool.

> due under the Note and this Security Instrument and performs
> other mortgage loan servicing obligations under the Note, this
> Security Instrument, and Applicable Law. . . . If there is a change
> of the Loan Servicer, Borrower will be given written notice of the
> change[.]

(Trust Deed § 20.)

14.    Section 20 of the Trust Deed further provides that:

> If the Note is sold and thereafter the Loan is serviced by a Loan
> Servicer other than the purchaser of the Note, the mortgage loan
> servicing obligations to Borrower will remain with the Loan
> Servicer . . . and are not assumed by the Note purchaser unless
> otherwise provided by the Note purchaser.

(Id.)

15.    Plaintiff acknowledges having been informed that Citi is the current servicer of the Note (Complaint ¶ 15), that he has made payments due under the Note to Citi (Complaint ¶ 73), and that he has addressed inquiries regarding the Note to Citi (Complaint ¶ 16).

16.    Plaintiff does not allege in the Complaint that Citi is not the current servicer of the Note, or that another entity has claimed to be the servicer of the Note.  (See Complaint.)

17.    Plaintiff alleges that he is not in default on the note, yet admits to "delinquent payments."  (Complaint ¶¶ 53, 55.)

18.    Plaintiff alleges that the delinquent payments do not constitute default because either (i) Plaintiff's claims offset the amount of delinquent payments, or (ii) because Citi's alleged conduct somehow nullifies his default.  (Complaint ¶ 55.)

19.    The Note clearly states that "[i]f I do not pay the full amount of each monthly payment on the date it is due, I will be in default."  (Note § 7.)

20.     Plaintiff alleges that Citi has attempted to exercise the power of sale and "marched to a Trustee's Sale" without right. (Complaint ¶¶ 59, 90.)

21.     However, Plaintiff has not alleged that Citi or anyone else has recorded a notice of default against the Property and no notice of default appears in the records of the Summit County Recorder.  (Complaint.)

22.     Plaintiff filed the Complaint in this action on or about December 20, 2010.

23.     Plaintiff first claims that, by securitizing the Note, Citi breached the contract between the parties and that alleged securitization of the Note constituted an "intentional or negligent misrepresentation" by Citi.  (Complaint ¶¶ 57-62, 67-76.)

24.     Plaintiff next claims that, by declining to identify the current beneficial owner of the Note, Citi breached its implied covenant of good faith and fair dealing and/or made an "intentional or negligent misrepresentation."  (Complaint ¶¶ 63-66.)

25.     Plaintiff claims that Citi's alleged actions violate the Utah Consumer Sales Practices Act and the Utah Truth in Advertising Act.  (Complaint, ¶¶ 77-81.)

26.     Plaintiff claims that Citi's alleged actions entitle Plaintiff to have title quieted in his favor. (Complaint ¶¶ 82-87.)

27.     Finally, Plaintiff seeks a declaratory judgment and injunctive relief from the court declaring that Citi has no right to foreclose on the Property.  (Complaint, ¶¶ 88-94.)

## **ARGUMENT**

Plaintiff bases all of his claims on two allegations:  (i) that Citi purportedly transferred and securitized the Note and (ii) that Citi purportedly failed to respond to Plaintiff's demand that

Citi identify the current Note Holder.  However, neither of these actions, if taken, violates the terms of the Note or the Trust Deed, and neither of these actions relieves Plaintiff of his obligations under those documents or nullifies Citi's right to enforce those documents, even if Citi is now acting as the loan servicer rather than the note holder.  Because Plaintiff has failed to state a claim upon which relief can be granted, this action should be dismissed in its entirety.

## I.     STANDARD OF REVIEW ON MOTION TO DISMISS

When evaluating a Rule 12(b)(6) motion to dismiss, "the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations."  Margae, Inc. v. Clear Link Tech., 620 F.Supp.2d 1284, 1285 (D. Utah 2009) (citing Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006), cert. denied, 549 U.S. 1209, 127 S.Ct. 1334, 167 L.Ed.2d 81 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir.1976)).  "Conclusory allegations are allegations that do not allege the factual basis for the claim."  Id. (citing Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir.1995)).  "The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts."  Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)).  "Further, though all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains enough facts to state a claim to relief that is plausible on its face." Id. (citing Twombly, 127 S.Ct. at 1969).

## II.    PLAINTIFF FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT

Plaintiff's first cause of action is for breach of contract.  (Complaint ¶¶ 57-62.)  A claim for breach of contract must include the following elements: (1) a contract, (2) performance by the

party seeking recovery, (3) breach of the contract by the other party, and (4) damages.  Bair v. Axiom Design, LLC, 2001 UT 20, ¶ 14, 20 P. 3d 388.  In this case, there is no dispute about the existence of the contracts between Plaintiff and Citi.  However, Plaintiff has not performed his obligations under the contracts, has not alleged any facts that would constitute a breach of the contracts, and has alleged no facts that show he has been damaged in any way.

Preliminarily, Plaintiff's own allegations, though unclear and contradictory, suggest that he has not performed under his contracts with Citi.  On the one hand, Plaintiff claims that he is not in default.  (Complaint ¶ 53.)  Then he turns around and admits to delinquent payments, which would, in turn, constitute a default.  (Complaint ¶ 55; Note § 7.)  If Plaintiff has not performed under the contracts in question, he is not entitled to relief under a breach of contract claim under Utah law.  Bair, 2001 UT 20 at ¶ 14.

Even if Plaintiff has performed under the Note and the Trust Deed, the facts alleged, along with the documents cited by Plaintiff, demonstrate that Citi has not breached the Note or the Trust Deed.  Plaintiff claims that "Citi did not fund the mortgage and had no intention of funding the mortgage."  (Complaint ¶ 11.)  Instead, he claims that "[f]unding was actually provided by investors in mortgage backed securities[.]"  (Complaint ¶ 13.)  Yet the Note and the Trust Deed indicate exactly the opposite.  Both clearly identify Citi as the lender under the Note. (Note § 1; Trust Deed at 1.)  Notably, Plaintiff has not alleged that he received the proceeds of the Note from anyone other than Citi.

Rather, Plaintiff argues that Citi was not the true lender because it allegedly sold the Note in the secondary mortgage market.  Plaintiff claims that the Note was then included in a

securitization pool, which was sold to investors as mortgage backed securities.  (Complaint

¶¶ 17, 20, 32.)  However, Plaintiff's contracts with Citi do not require Citi to hold the Note

indefinitely.  They expressly authorize the transfer of the Note.  Plaintiff acknowledged on the

very first page of the Note that: "I understand that Lender may transfer the Note."  (Note § 1.)

Similarly, the Trust Deed provides that "[t]he Note or a partial interest in the Note (together with

this Security Instrument) can be sold one or more times without prior notice to Borrower."

(Trust Deed § 20.)  Thus, Plaintiff cannot reasonably claim either that Citi was required to

remain the holder of the Note or that Citi was not the real lender under the Note, because the

documents provide exactly the opposite.

 Moreover, Plaintiff has not alleged any well-pleaded facts in support of his legal

conclusion that his note was securitized.  In fact, Plaintiff pleads no facts specific to this case.

Instead, he relies solely on generic allegations regarding the secondary mortgage market making

claims regarding what happens in "the ordinary course of securitization…,"  (Complaint, ¶¶ 25-

40.)  Further, Plaintiff attempts to use numerous legal conclusions to support its claims.  For

example, Plaintiff summarily concludes that securitization "in and of itself was a material breach

of contract."  (Complaint, ¶ 25.)  These types of legal conclusions are not taken as true on a

motion to dismiss.  Margae, 620 F.Supp.2d 1284, 1285.  Moreover, Plaintiff's generic allegations

and legal conclusions do not satisfy the pleading standards of Fed. R. Civ. P. 8.

 The United States District Court for the District of Utah recently rejected similar claims

made by another homeowner stating: "[Plaintiff's] only evidence is his unsupported observation

that some lenders don't keep their loans but instead package up the loans and sell them to

investors. [Plaintiff] speculates that this may have happened in this case and builds his [claims and defenses] solely on this speculation." DB Private Wealth Mortgage Ltd. v. Marty, 2010 U.S. Dist. LEXIS 7074 (January 28, 2010) (copy attached hereto as Exhibit 3). This is precisely what Plaintiff has done here. Plaintiff would have this Court erase his debt and give him his second home for free based solely upon the fact that, in the abstract, some notes and trust deeds are pooled and sold on the secondary market. This is an insufficient basis to allege causes of action in a complaint under Fed. R. Civ. P. 8, and each of the claims should be dismissed as a result.[4]

Plaintiff also claims that he "never consented explicitly or implicitly to securitization of its loan which securitization has materially altered Plaintiff's loan experience and therefore constitutes a material breach of the contract by Citi." (Complaint ¶ 21.) However, as discussed above, Plaintiff did consent to the transfer of the Note by Citi. (Note § 1; Trust Deed § 20.) Neither the Note nor the Trust Deed prohibit the securitization of the Note in any way, nor require Plaintiff's consent. In fact the Trust Deed clearly states that the Note could be transferred and that notice to Plaintiff was not required. (Trust Deed § 20.) Neither the Note nor the Trust Deed contain any sort of limitation on who may hold the ultimate beneficial ownership of the Note. Consequently, the alleged securitization of the Note, even if true, does not breach any contract between Plaintiff and Citi.

---

[4]   As further evidence that the "facts" pled in the Complaint are not specific to this case, but rather, constitute generic allegations regarding securitization, Plaintiff owns two properties in Utah and he filed this identical complaint twice, once for each property he seeks to get for free. (See Case No. 2:11-cv-00119-DB) (identical allegations filed on another of Plaintiff's properties).

In addition, Plaintiff fails to allege any facts to support his claim that securitization of the Note "materially altered [his] loan experience."  Plaintiff's own allegations demonstrate that:

- he believed he would be working with Citi in connection with the loan obligation (Complaint ¶¶ 7, 11, 58);

- Citi is the current servicer of the loan obligation (Complaint ¶ 15);

- what payments he has made on the loan he has made to Citi (Complaint ¶ 73);

- he has been communicating with Citi regarding loan modification (Id.); and

- he has talked with representatives from Citi about its loan modification standards (Complaint ¶ 54).

As is obvious by the allegations of the Complaint, the alleged securitization of the Note has not altered Plaintiff's loan experience at all.

Though Plaintiff claims that purported securitization has allegedly impeded his ability to modify his loan, he acknowledges in his allegations that, in the ordinary course of securitization (as he presents it), loan servicers are appointed to service the loans.  (Complaint ¶ 38.)  Indeed Plaintiff consented to working with a loan servicer as the agent of the Note Holder in the Trust Deed:

> A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. . . . If there is a change of the Loan Servicer, Borrower will be given written notice of the change[.]

*     *     *

> If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan

> Servicer . . . and are not assumed by the Note purchaser unless
> otherwise provided by the Note purchaser.

(Trust Deed ¶20.)  Under the express terms of the Note, even if the note is transferred, it is the

"Note Servicer" that has the right to service the loans and not the purchaser of the note.  Plaintiff

has been in contact with Citi about modification, and Citi has communicated its modification

standards.  A modification of Plaintiff's loan has not been impeded in any way.

In short, even if Plaintiff's allegations are true they do not indicate any actions taken by

Citi that have violated the Note or the Trust Deed.  In addition, Plaintiff's allegations of breach

of contract constitute "legal conclusions, deductions and opinions couched as facts," which are

not presumed to be true on a motion to dismiss.  Margae, 620 F.Supp.2d at 1285.  For example,

the allegations that the "identity of the 'Lender' was a material term of the Trust Deed and Note"

and "neither [Citi] nor its successor is entitled to invoke the power of sale" are legal conclusions

couched as facts.  These allegations are not presumed to be true on a motion to dismiss.  Id.

Plaintiff has not stated any actual facts that would support a claim for breach of contract.

Consequently, Plaintiff's claim for breach of contract must be dismissed.

## III.    PLAINTIFF FAILED TO STATE A CLAIM FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's second cause of action alleges a breach by Citi of its implied covenant of good

faith and fair dealing.  (Complaint ¶¶ 63-66.)  An implied covenant of good faith and fair dealing

inheres in every contract.  Eggert v. Wasatch Energy Corp., 2004 UT 28, ¶ 14, 94 P. 3d 193.

Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise

not to intentionally do anything to injure the other party's right to receive the benefits of the

contract.  Id.  However, the covenant is limited in scope:

> First, this covenant cannot be read to establish new, independent
> rights or duties to which the parties did not agree *ex ante*.  Second,
> this covenant cannot create rights and duties inconsistent with
> express contractual terms.  Third, this covenant cannot compel a
> contractual party to exercise a contractual right to its own
> detriment for the purpose of benefitting another party to the
> contract.  Finally, we will not use this covenant to achieve an
> outcome in harmony with the court's sense of justice but
> inconsistent with the express terms of the applicable contract.

Oakwood Village LLC v. Albertsons, Inc., 2004 UT 101, ¶ 45, 104 P.3d 1226 (internal citations

omitted).  In this case Plaintiff bases his claim on Citi allegedly "failing to present evidence,

upon Plaintiff's numerous pre-litigation written and verbal requests, including letters, regarding

the unidentified and/or misrepresented current foreclosor's (if any) authority to foreclose."

(Complaint ¶ 64.)  This is puzzling considering the fact that neither Citi nor anyone else has

recorded a notice of default against the Property.  However, even if Citi did attempt to foreclose

on the Property in the future, Plaintiff has not alleged sufficient facts to support a claim for

breach of the implied covenant of good faith and fair dealing.

As discussed above, Plaintiff has not alleged any actions by Citi that violate the terms of

the Note or the Trust Deed.  Neither document requires Citi to disclose the identity of a

transferee of the Note.  Rather, as discussed above, the Trust Deed expressly states that the Note

may be sold without notice to Plaintiff.  (Trust Deed § 20.)  Upon such a sale, the Trust Deed

requires only that "[i]f there is a change of the Loan Servicer, Borrower will be given written

notice of the change" and "the mortgage loan servicing obligations to Borrower will remain with

the Loan Servicer." (Id.)  In this case, the entity servicing Plaintiff's loan has never changed,

and, in any event, Plaintiff admits that he has been informed that Citi is the current loan servicer.

(Complaint ¶ 15.)  Citi has, therefore, complied with the requirements of its agreements with

Plaintiff.  While Plaintiff may want Citi to disclose the identity of the current holder of the Note,

the implied covenant of good faith and fair dealing "cannot be read to establish new, independent

rights or duties to which the parties did not agree *ex ante*."  Oakwood Village LLC, 2004 UT 101

at ¶ 45.  Consequently, Plaintiff's claim for breach of the implied covenant of good faith and fair

dealing must be dismissed.

## IV.     PLAINTIFF FAILED TO STATE A CLAIM FOR INTENTIONAL OR NEGLIGENT MISREPRESENTATION

Plaintiff's third cause of action is for intentional or negligent misrepresentation.

(Complaint ¶¶ 67-76.)  It is not entirely clear what misrepresentations Plaintiff is alleging.

However, it appears that Plaintiff is basing his claim for misrepresentation on the same actions

discussed above:  Citi's (entirely truthful) identification of itself as the lender in the loan

transaction, the alleged securitization of the Note and Citi allegedly declining to identify the

current beneficial owner of the Note.  Even if Plaintiff's allegations are true, they do not state a

claim with sufficient particularity for intentional or negligent misrepresentation against Citi.

Under Fed. R. Civ. P. 9(b), a party must state with particularity all circumstances

constituting fraud.  Further, the mere recitation by a plaintiff of the elements of fraud in a

complaint does not satisfy the particularity requirement.  Armed Forces Ins. Exchange v.

Harrison, 2003 UT 14, ¶ 16, 70 P.3d 35.  Conclusory allegations in a pleading, unsupported by a

recitation of relevant surrounding facts, are insufficient.  Id.  To allege a valid claim for fraud, a

plaintiff must allege with particularity facts necessary to support each element of fraud.  DeBry

v. Noble, 889 P.2d 428, 443 (Utah 1995).  In addition, the requirements of Rule 9(b) apply to all

cases where the gravamen of the claim is fraud even though the theory supporting the claim is

not technically termed fraud.  Coroles v. Sabey, 2003 UT App 339, 79 P.3d at 985.  Negligent

misrepresentation, for example, is a form of fraud.  Atkinson v. IHC Hosps Inc., 798 P.2d 733,

737 (Utah 1990); Smith v. Frandsen, 2004 UT 55, ¶ 11, 94 P.3d 919.

       In order to state a claim under either theory of misrepresentation, intentional or negligent,

Plaintiff must allege with particularity, a material representation made by Citi that was false.  See

Armed Forces Ins. Exchange v. Harrison, 2003 UT 14, ¶ 16, 70 P.3d 35 (elements of fraud);

Price-Orem Inv. v. Rollins, Brown & Gunnell, 713 P. 2d 55, 59 (Utah 1986) (elements of

negligent misrepresentation.)  Plaintiff has not done so.  Plaintiff alleges that "Citi falsely

claimed that it had lent money to Plaintiff when it had not" and that "Plaintiff's [sic] had no

reason to doubt that Citi was their 'Lender' as they represented in the Plaintiff's Note and Trust

Deed."  (Complaint ¶ 70.)  However, the documents in question identify Citi as the "Lender"

and Plaintiff has not alleged that he received the proceeds of the note from anyone other than

Citi.  (Note § 1; Trust Deed at 1; Complaint.)

       Moreover, Citi's role as lender does not preclude Citi from obtaining funding for the loan

from others.  The term "Lender" is a defined term in the documents.  Both documents indicate

that Citi is the "Lender."  Notably, neither document extends the definition of that term to a

transferee of the Note.  As the "Lender," Citi has only those obligations required by the terms of

the Note and the Trust Deed. Neither document precludes the "Lender" from obtaining funding for the loan from outside investors. Indeed, that is what lenders frequently do. Plaintiff's claim that Citi is not the investor because the Note was purportedly included in a securitization pool is incomprehensible. The alleged securitization of the Note is irrelevant. Plaintiff has not alleged that he did not receive the money from Citi and the alleged existence of mortgage backed securities and unnamed investors further down the chain of title on the Note simply does not infer in any way that Citi was not the lender.

Plaintiff next alleges that Citi committed a misrepresentation by "[withholding] the identity of the 'Note Holder' as defined under the Plaintiff's Promissory Note, and the 'Beneficiary' as defined under Plaintiff's Trust Deed. (Complaint ¶ 68.) This cannot be the basis of a claim for misrepresentation because not only does it not constitute an affirmative assertion that is false, Citi is not required to identify the owner of the beneficial interest under the terms of the agreements executed by the parties.

In addition, Plaintiff alleges that Citi "failed to present evidence . . . regarding the unidentified and/or misrepresented current foreclosor's authority to foreclose[.]" (Complaint ¶ 69.) Since no party has initiated foreclosure proceedings to date, there is obviously no information to provide to Plaintiff. In addition, even if Citi initiated the foreclosure process, there would be no information to provide to Plaintiff above and beyond the documents he already has, which clearly give the loan servicer the right to foreclose upon default.

In order to prevail in an action for negligent misrepresentation, plaintiffs must identify a representor who makes an affirmative assertion which is false. <u>Smith v. Frandsen</u>, 2004 UT 55,

¶ 10, 94 P.3d 919.  None of Plaintiff's allegations meet this standard for the obvious (and redundant) reason that neither of them allege any kind of misrepresentation.  While it is true that under some circumstances an omission may be actionable as a negligent misrepresentation, that is only true where the defendant has a duty to disclose.  <u>Id.</u> at ¶ 11 (<u>quoting</u> <u>Sugarhouse Fin. Co. v. Anderson</u>, 610 P.2d 1369, 1373 (Utah 1980)).  It is the Plaintiff's burden to demonstrate the existence of such a duty.  <u>Id.</u>  Without a duty, there can be no negligence as a matter of law[.]  <u>Id.</u> at ¶ 12 (internal citations omitted).  Plaintiff has not alleged any facts to support a conclusion that Citi had such a duty.  In fact, as discussed in Section II above, Plaintiff waived that duty in the Trust Deed.  The Trust Deed specified that the Note could be transferred without notice and that the Plaintiff was entitled only to be notified if such a transfer resulted in the change of the loan servicer.  (Trust Deed § 20.) The identity of the loan servicer has never changed and Plaintiff admits that he knows who it is: it is Citi.  (Complaint ¶ 15.)

Finally, Plaintiff claims that "Citi misrepresented that Plaintiff's loan would not be securitized."  However this conclusory allegation, by itself, is not enough to meet Plaintiff's burden to allege misrepresentations with particularity.  In order to meet the standard required under Rule 9(b), a plaintiff must "set forth in specific terms the time, place, content, and manner of each defendant's alleged material misrepresentations[.]"  <u>Cook v. Zions First Nat'l Bank</u>, 645 F.Supp. 423, 424-25 (D.Utah 1986): <u>see also</u>, <u>Coroles v. Sabey</u>, 2003 UT App 339, footnote 15, 79 P. 3d 974.  Consequently, Plaintiff has failed to state a claim for misrepresentation with sufficient particularly and his third cause of action must be dismissed.

**V.    PLAINTIFF FAILED TO STATE A CLAIM UNDER THE UTAH CONSUMER PROTECTION STATUTES**

Plaintiff's fourth cause of action is for violation of Utah consumer protection statutes: specifically, the Utah Consumer Sales Practices Act (the "UCSPA") and the Utah Truth in Advertising Act.  (Complaint ¶¶ 78-79.)  However, Plaintiff has not alleged how Citi's conduct violates those acts.  As demonstrated above, Plaintiff has not alleged any conduct by Citi that is not expressly authorized in the Note and/or Deed of Trust.  Therefore, this single allegation by Plaintiff is not sufficient to show that Plaintiff is entitled to relief or to state a claim upon which relief can be granted.  Plaintiff's fourth cause of action must be dismissed for that reason alone.

Furthermore, the UCSPA does not apply to "an act or practice required or specifically permitted by or under federal law, or by or under state law."  Utah Code Ann. § 13-11-22(a).  If a specific law regulates the consumer transaction at issue, the UCSPA does not apply to that transaction.  McGinnis, infra, No. 2:10cv301 at 11 (citing Carlie v. Morgan, 922 P.2d 1,6 (Utah, 1996)).  In this case, the transaction in question and the relationship between these parties is governed by a number of state and federal laws.  This Court has held before that mortgage transactions similar to those at issue in this case are governed by state laws such as the Utah High Cost Home Loan Act, Utah Code Ann. § 61-23-101 to 113, and the Mortgage Lending and Servicing Act, Utah Code Ann. § 70D-2-101.  Id.  In addition, the foreclosure process and the requirements for non-judicial foreclosure are governed by the Utah trust deed statute codified in Utah Code Ann. § 57-1-19, *et seq*.  The transaction in question is also extensively regulated under federal law by the Truth in Lending Act and the Real Estate Settlement Procedures Act

codified at 15 U.S.C.A. § 1601 *et seq.*  Because the relationship between the parties in this case

is extensively regulated by other state and federal statutes, UCSPA is not applicable and

Plaintiff's fourth cause of action must be dismissed.

## VI.   PLAINTIFF FAILED TO STATE CLAIMS TO QUIET TITLE, FOR DECLARATORY JUDGMENT, OR FOR INJUNCTIVE RELIEF

Plaintiffs fifth and sixth claims are to quiet title, for declaratory relief and for injunctive

relief.  Plaintiff bases each of these claims on the alleged securitization of the Note.  Plaintiff

alleges that "Plaintiff's Trust Deed and Note were intentionally separated by assignment of the

Trust Deed without assignment of the Note during the securitization process thus avoiding each

respective holder's foreclosure interest."  (Complaint ¶¶ 26, 83.)  Plaintiff also alleges that Citi

does not have the right to foreclose on the Property because "[it has] no interest in the subject

property" (Complaint ¶ 84) and it "cannot demonstrate any right [it] claim[s] to foreclosure as

agents of the investors in [the mortgage backed securities]."  (Complaint ¶ 84.)  However,

Plaintiff has not demonstrated his right to title free and clear of the Note and the Trust Deed.

Furthermore, this Court has repeatedly held that securitization is irrelevant to the question of

whether a loan servicer is entitled to foreclose upon default.  Additionally, there is no

requirement under the applicable Utah statutes that requires a trustee to prove his authority in

order to properly foreclose.

### A.     Plaintiff Failed to Show that He is Entitled to the Property Free and Clear of His Obligations Under the Note and the Trust Deed.

To succeed in an action to quiet title to real estate, a plaintiff must prove that he has good

title.  Gillmor v. Blue Ledge Corp., 2009 UT App 230, ¶ 14, 217 P. 3d 723.  A party "must

prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." Id. It is not sufficient, therefore, for Plaintiff to call into question Citi's right to the Property. Plaintiff borrowed $1,950,000.00. (Note § 1.) Plaintiff expressly admits that he borrowed money pursuant to the Note and that the Note was secured by the Trust Deed. In order to have title quieted in his favor, Plaintiff must not only show that Citi has no right to enforce the Trust Deed, he must show that no one has the right to enforce the Trust Deed. Plaintiff has not done so and, in fact, admits that this is not true. Plaintiff admits that the owners of the debt may foreclose and that, in his opinion, the current owners of the debt are the investors who purchased the mortgage backed securities. (Complaint ¶¶ 28-29.) Even if Plaintiff's description of the securitization process were completely accurate, there would still be one or more note holders who have the right to enforce the Note and the Trust Deed. Consequently, Plaintiff is not entitled to have title quieted in his favor. Moreover, Plaintiff has not alleged, nor can he, that he has repaid the substantial loan he borrowed to purchase the Property. Accordingly, he cannot allege a right to the Property free and clear from Note and Trust Deed.

**B.** **The Alleged Securitization is Irrelevant.**

All of Plaintiff's claims are ultimately based on his allegations that the purported securitization of his loan is somehow improper and prevents the loan servicer from exercising its obligations to enforce the Note and Deed of Trust. Even if Plaintiff had pled facts in support of this generic legal conclusion, it would still fail given that the great weight of authority on the subject holds that securitization does not effect the rights and responsibilities of the borrower or the beneficiary's right to enforce a note or deed of trust. See, e.g., Larota-Florez v. Goldman

Sachs Mortgage Co., 719 F. Supp. 2d 636, 641 (E.D. Va. 2010) ("Foreclosures are routinely and

justifiably conducted by trustees of securitized mortgages"); Hafiz v. Greenpoint Mortgage

Funding, Inc., 652 F.Supp.2d 1039 (N.D. Cal. 2009) ("Hafiz's request for declaratory relief is

based on the erroneous theory that all defendants lost their power of sale pursuant to the deed of

trust when the original promissory note was assigned to a trust pool.  This argument is both

unsupported and incorrect"); Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092,

1099 (E.D. Cal. 2010) ("The argument that parties lose their interest in a loan when it is assigned

to a trust pool has also been rejected by many district courts"); Waqavesi v. Indymac Fed. Bank,

2009 U.S. Dist. LEXIS 105555, at *15 (E.D. Cal. Nov. 11, 2009) (copy attached as Exhibit 4)

("courts have summarily rejected the argument that companies like MERS lose their power of

sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool");

Benham v. Aurora Loan Servs., 2009 U.S. Dist. LEXIS 91287, *19 (N.D. Cal. Sept. 1, 2009)

(copy attached as Exhibit 5) (same); Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist. LEXIS

34811, *6 (N.D. Cal. April 8, 2009) (copy attached as Exhibit 6) (court rejected plaintiffs' claim

that foreclosure was improper because note had been pooled and sold as security; motion to

dismiss granted); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, *7 (N.D. Cal. July

15, 2009) (copy attached as Exhibit 7) (in granting motion to dismiss, court rejected plaintiffs'

claim that bank "lacked standing to lawfully foreclose on the Subject Property because it was not

the true holder of the promissory note as a result of placing the note in a trust pool").

The United States District Court for the District of Utah has also recently weighed in on

this issue.  Marty v. Mortgage Electronic Registration Systems, et. al., 2010 U.S. Dist. LEXIS

111209 (D. Utah October 19, 2010) (copy attached as Exhibit 8).  In <u>Marty</u>, the Court

specifically rejected the securitization argument that Plaintiff is making in this case holding that

"[n]othing in law or logic" supports the idea that securitizing a note would somehow result in a

separation of rights under the note and deed of trust and would make enforcement impossible.

Id. at *20.  Accordingly, the alleged sale and securitization of the Note does not relieve Plaintiff,

the borrower, of his obligations thereunder, nor does it affect Citi's rights under the Note and

Deed of Trust.  <u>Id.</u> (see also <u>Foster v. BAC Home Loan Servicing, LP</u>, 2010 WL 3791976, *3

(D. Utah September 22, 2010) ("even assuming that the note was the subject of securitization,

Plaintiff's arguments ignore the fact that securitization merely creates a separate contract distinct

from Plaintiff's debt obligations under the [note]…the result of securitization does not free

Plaintiff from the terms agreed upon in the deed of trust") (copy attached as Exhibit 9).

      **C.**     **Trustees are not Required to Demonstrate their Authority to Foreclose Under the Utah Trust Deed Statute, Utah Code Ann. § 57-1-19,** *et seq.*

Finally, non-judicial foreclosure is governed by the Utah trust deed statute codified in

Utah Code Ann. § 57-1-19, *et seq.*  The power of sale is vested in the trustee without any

requirement that the trustee demonstrate his authority in any way.  In fact courts have

consistently rejected any such requirement in similar trust deed statutes.  <u>Nordeen v. America's</u>

<u>Wholesale Lender</u>, No. CV-10-0568, 2010 WL 3168638, at *4 (D. Ariz. 2010) ( "the Arizona

Deed of Trust Act confers power of sale on the trustee appointed by the beneficiary upon default

or breach of the contract secured by the trust deed without reference to possessing a note or other

negotiable instrument.") (A copy of the <u>Nordeen</u> decision is attached here as Exhibit 10.); <u>Roque</u>

v. Suntrust Mortgage, Inc., No. C-09-00040, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010) ("Uniformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required.") (A copy of the Roque decision is attached here as Exhibit 11.); Zambrano v. HSBC Bank USA, Inc., No. 01-09-2010, 2010 WL 2105164, at *6 (E.D. Va. May 25, 2010) ("Plaintiff has no factual basis for her quiet title and declaratory judgment claims.  Plaintiff's Amended Complaint generally asserts a 'show me the note' claim, in which Defendants must come to a court of law and prove their authority or 'standing' to foreclose on the secured Property.  The claim is contrary to Virginia's non-judicial foreclosure laws.")  (A copy of the Zambrano decision is attached here as Exhibit 12.)

This Court has recently weighed in on this issue adopting Arizona's rationale and rejecting the "show me the note" argument.  Marty v. Mortgage Electronic Registration Systems, 2010 U.S. Dist LEXIS 111209, fn. 42 (D. Utah October 19, 2010).

In sum, Plaintiff has not demonstrated a right to title, and Plaintiff's opinions regarding the effect of the securitization process and its consequences are wrong.  As the loan servicer, Citi has the authority to conduct the foreclosure process under the Trust Deed upon a default under the Note, and, in any event, a trustee under a deed of trust is not required to prove its authority to foreclose under the Utah trust deed statute.  Consequently, Plaintiff's claims for quiet title, declaratory judgment and injunctive relief must be dismissed.

## **CONCLUSION**

For the reasons set forth above, Citi respectfully requests that its Motion be granted.

DATED this 3rd day of February 2011.

        /s/ Angela W. Adams

        Jason D. Boren, Esq.
        Angela W. Adams, Esq.
        Matthew R. Romney, Esq.
        BALLARD SPAHR LLP
        Attorneys for Defendant CitiMortgage Inc.